## INDEMNITY INS. CO. OF NORTH AMERICA v. BOLAND.

### No. 1993.

Court of Civil Appeals of Texas. Beaumont. July 21, 1930.

Rehearing Denied Oct. 15, 1930.

Barnes & Barnes, of Beaumont, for appellant.

White & Yarborough, of Dallas, for appellee.

WALKER, J.

This case originated in the district court of Jefferson county by way of appeal by appellee from an order of the Industrial Accident Board under the provisions of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). By his petition in district court appellee pleaded that he was totally disabled by reason of the injury complained of, received by him in the course of his employment, and that this total disability was permanent. Appellant answered by plea of general denial and by a special plea to the effect that appellee was not totally incapacitated, but had fully recovered from whatever injuries received by him at the time and under the circumstances detailed in his petition. Neither party specially pleaded that appellee was partially incapacitated. Appellee interprets his pleading as presenting only the issue of total incapacity and says of his petition that no other ground of recovery was presented by his petition. In other words, he says of his petition that, had he failed to sustain the issue of total incapacity, then appellant would have been entitled to judgment. The trial court submitted only the issue of total incapacity and its duration. The jury found total incapacity and fixed the period of duration at 250 weeks. Judgment was accordingly entered in his favor on these findings on the basis of $20 a week, less compensation previously paid for 21 weeks at the rate of $20 per week.

Appellant duly excepted to the court's charge for the failure to submit the issue of partial incapacity, which exceptions were all overruled. The evidence fully supports the finding of total incapacity for the period fixed by the jury. But appellant raised by its testimony the issue that appellee had fully recovered, and also the issue that he was suffering only a partial incapacity. If appellee has correctly construed his petition, either of these issues was a complete defense to his cause of action; that is to say, under its plea of general denial appellant could have defeated appellee's cause of action by a jury finding that he had fully recovered, or that he was suffering only a partial incapacity. Under the general denial appellant could offer any testimony that would deny the truth of the allegations upon which appellee based his cause of action. Having the right to offer this testimony, certainly it had the right to have an affirmative submission of the defensive issues thus raised; therefore, it was reversible error on the part of the trial court to refuse, at the request of appellant, to submit to the jury affirmatively the issue of partial disability. It is no answer to this conclusion to say that, since the jury found total incapacity, it must be presumed that it would have found against appellant on the issue of partial incapacity. Had this issue been submitted to the jury, it might have found thereon in favor of appellant. Not having before it the issue of partial incapacity, the jury may have disregarded this defense which, as said by the Supreme Court in Galveston, H. & S. A. Railway Co. v. Washington, 94 Tex. 510, 63

S. W. 534, 538, in discussing this identical proposition, "they might have given effect to if it had been brought to their attention." See, also, Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S. W.(2d) 276.

What has been said is on the assumption that appellee has correctly construed his petition, and that the issue of partial incapacity was a complete defense to the issue of total incapacity. We do not express an opinion upon the merits of appellee's construction of his petition, for, if it was broad enough, construed together with appellant's answer, to permit him to recover for partial incapacity, had the jury found only partial incapacity, then upon the same argument the refusal to submit the issues of partial incapacity constituted reversible error.

Appellee's petition was not subject to the assignments of general demurrer urged against it. Without passing upon the merits of appellant's proposition attacking the trial court's conclusions on the issue of average weekly wage, we would suggest that appellee strengthen his testimony on this issue upon the next trial. We say this because it is manifest from the record that the objections urged by appellant can be met upon another trial. All other assignments are overruled as being without merit.

Reversed and remanded.