## TRADERS' & GENERAL INS. CO. v. FORREST.
### No. 1698.

Court of Civil Appeals of Texas. Waco.
Feb. 7, 1935.

Lightfoot & Robertson, of Fort Worth, and Bryan & Maxwell and Stansell Bryan, all of Waco, for appellant.

George Clark and Clint Allen, both of Waco; for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, E. B. Forrest, an injured employee, against appellant, Traders' & General Insurance Company, the insurance carrier, to set aside the final ruling and decision of the Industrial Accident Board upon his claim for compensation for injuries received in the course of his employment, and to recover a judgment awarding compensation for total and permanent incapacity and requiring appellant to redeem its liability by a lump-sum settlement, or, in the alternative, for compensation for total incapacity for such period as the court might find him to be or to have been totally incapacitated and for compensation thereafter for partial incapacity to the extent of 95 per cent. for the period allowed by law. Appellant alleged specifically that appellee was neither totally nor permanently incapacitated; that if totally incapacitated at all, such condition was temporary and was followed by only partial incapacity; and that if he was permanently incapacitated at all, such incapacity was only partial.

The case was submitted to the jury on special issues. The substance of the findings of

the jury in response thereto, so far as material to the issues of law discussed in this appeal, is as follows:

(1) Appellee sustained an injury as alleged.

(2) Such injury was sustained in the course of his employment.

(3) Such injury caused incapacity on his part to work.

(4) Such incapacity was total.

(5) Such incapacity resulted on the 18th day of October, 1933, the day of such injury.

(6) Such total incapacity to work on the part of appellee will be permanent.

(7) Manifest hardship and injustice will result to appellee unless appellant is required to redeem its liability by the payment of a lump sum.

The issue in response to which said sixth finding was made inquired whether appellee's incapacity (if any had been found in response to preceding issues) would be permanent, and the jury answered in the affirmative, as above indicated. The court preceded the eighth issue submitted with the statement that the jury should not answer the same if it had answered said sixth issue in the affirmative. Said eighth issue was as follows: "How many weeks, if any, from October 18, 1933, do you find from the preponderance of the evidence, if any, such total incapacity to work, if any, on the part of E. B. Forrest continued or will continue?" The jury did not answer said issue. The court, upon the findings recited and other findings supporting the same, rendered judgment against appellant in favor of appellee for $3,655.28.

## Opinion.

Appellant presents assignments in which it complains of the failure and refusal of the court to submit affirmatively and unconditionally the issue of whether appellee's total incapacity was only temporary, and the duration of the same. The testimony, considered as a whole, raised an issue of fact with reference to whether appellee's total incapacity was permanent or only temporary. The court nowhere in his charge submitted any issue inquiring whether appellee's incapacity to work was in fact only temporary. Since he had instructed the jury to answer issue No. 6 only in event they had found that appellee did in fact sustain incapacity to work as the result of the injuries alleged, he doubtless was of the opinion that a finding, in response to such issue, that appellee's incapacity to work was permanent, excluded any contention that the same was temporary, and that in event of a finding, in response to such issue, that appellee was not permanently incapacitated, the existence of temporary incapacity would follow as a necessary sequence, without a specific finding. We find it difficult to reconcile the authorities on the issue raised by appellant's assignments, and have decided not to attempt to do so. The Court of Civil Appeals, in the case of Indemnity Insurance Company of North America v. Boland, 31 S. W.(2d) 518, held that partial incapacity was a defense to the injured employee's claim that he was totally incapacitated, and that the insurance carrier was entitled to an affirmative submission of such issue notwithstanding the employee sought recovery for total incapacity alone. The Supreme Court refused a writ of error in that case. In the case of Texas Employers' Insurance Ass'n v. Kelly (Tex. Civ. App.) 71 S.W.(2d) 901, the injured employee sought compensation on the basis of total incapacity, or in the alternative, on the basis of partial incapacity. The Court of Civil Appeals reversed the judgment because the trial court did not submit the issue of partial incapacity. Since this holding was the only ground of reversal, the action of the Supreme Court dismissing an application for writ of error must be considered an approval of the same. The Court of Civil Appeals, in Texas Indemnity Insurance Company v. Allison, 75 S.W.(2d) 999, held that the trial court in a compensation case should permit the jury to find on the issues of partial incapacity, its inception and duration, regardless of the findings made on the issues of total and permanent incapacity. No attempt was made to have this case reviewed by the Supreme Court. In the case of Texas Employers' Insurance Ass'n v. Horn (Tex. Civ. App.) 75 S. W.(2d) 301, 303, the trial court submitted issues with reference to total incapacity and the duration thereof, and immediately following the same submitted unconditionally certain issues with reference to the existence of partial incapacity. The jury answered that the injured employee was totally incapacitated and that that condition continued or would continue for 400 weeks. The jury failed to answer the succeeding issues with reference to partial incapacity. The court received the verdict and entered judgment for compensation based on total incapacity for the period so found. The Court of Civil Appeals, in discussing the carrier's contention that the verdict as returned was insufficient to support the judgment rendered, said: "Partial incapacity was presented by the pleadings, raised by the testimony, and sub-

mitted to the jury by the court. Had these been answered in favor of appellant, its liability would have been reduced. Therefore 'such issues were material." The court thereupon held the verdict insufficient to support the judgment because of the failure to answer said issues. Review by the Supreme Court was not invoked in that case. See, also, Pedigo & Pedigo v. Croom (Tex. Civ. App.) 37 S.W.(2d) 1074, 1076, par. 2, and authorities there cited; Worth Mills v. Copeland (Tex. Civ. App.) 33 S.W.(2d) 580, par. 3 (writ refused); Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930, and authorities there cited. We are not unmindful of the fact that the issue involved in the first four cases cited above was partial, as distinguished from total, incapacity, while in this case the issue involved is temporary, as distinguished from permanent, incapacity. We are, however, unable to discover any ground for differentiation. We therefore, in deference to the authorities above cited, hold that the court erred in not submitting separately and unconditionally appropriate issues pertinent to appellant's contention that appellee's incapacity was only temporary.

. █ We have in this connection given due consideration to appellee's contention that appellant, by failing to prepare and present to the court appropriate requested issues inquiring whether appellee's incapacity to work was only temporary, and if so, the duration thereof, waived the right to complain that the court's submission of the case was insufficient. Appellant, at the proper time, filed written objections to the court's charge, in which it objected and excepted thereto as a whole because no submission of appellant's defense of temporary incapacity, either total or partial, was included therein, and appellant in that connection requested the court to permit the jury to answer issue No. 8, hereinbefore quoted, regardless of the answer returned to said issue No. 6, which submitted affirmatively, as before stated, the issue of permanent incapacity. This court, in the case of Morrison v. Antwine, 51 S.W.(2d) 820, 822, said: "It will be noted that the statute does not require the complaining party to tender a special charge when a necessary issue relied on by him has been omitted from the charge. It only requires that the submission of such issue be requested in writing. Such a request may be made by an objection to the charge for its failure to include such issue, provided the defect is clearly pointed out, or the complaining party, in his written objec-

tions to the charge, may request the court to prepare and submit a proper issue thereon." Numerous authorities are there cited in support of such holding. It will be noted that appellant's written objections to the charge contained both an express objection thereto because of the omission therefrom of the issue of temporary incapacity, and a request that the submission of issue No. 8, inquiring with reference to the duration of such incapacity, be unconditional. The complaint of the court's charge was made only by objection and exception in the cases of Indemnity Insurance Company of North America v. Boland, and Pedigo & Pedigo v. Croom, above cited. Appellant laid a sufficient predicate in the trial court to entitle it to a review of the rulings of which it here complains.

Appellant's other assignments of error complain of matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment is reversed, and the cause remanded.