TRADERS & GENERAL INSURANCE COMPANY ET AL. V.
H. LINCECUM.

No. 6918.   Decided June 30, 1937.
Rehearing overruled October 20, 1937.
(107 S. W., 2d Series, 585.)

*Collins & Fairchild,* of Lufkin, *Smith & West,* of Henderson, *Lightfoot & Robertson,* of Fort Worth, for plaintiff in error.

On question of misconduct of jury. Walker v. Quanah, A. & P. Ry. Co., (Com. App.) 58 S. W. (2d) 4; Lincoln v. Stone, (Com. App.) 59 S. W. (2d) 100.

*Ed. Yarbrough,* of Henderson, for defendant in error.

On question of misconduct, and the granting of a new trial for that reason. American National Ins. Co. v. George, 22 S. W. (2d) 704; Hansen v. Ponder, 23 S. W. (2d) 737; Beeks v. Odom, 7 S. W. 702.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Judgment for compensation in a lump sum was entered in the trial court for defendant in error. This judgment was affirmed. Traders & General Insurance Co. v. Lincecum, 81 S. W. (2d) 549.

All questions raised and not discussed herein either pass out of the case by the disposition we make of same, or are such as will in all probability not again occur.

We sustain plaintiff in error's ninth assignment of error reading as follows:

"Where the case is submitted to the jury on special issues, and one of those issues calls for a finding whether payments to plaintiff of compensation in weekly payments instead of in a lump sum, would result in manifest hardship and injustice to plaintiff, it was misconduct on the part of the jury and highly prejudicial to the defendant for them to mention, discuss or consider that defendant was the only insurance company writing workmen's compensation insurance in the oil fields, that all the other insurance companies had gone broke, and defendant might do the same way, and unless the jury awarded plaintiff compensation in a lump sum, he might never get his compensation, because the insurance company might go broke, there being no proof made of these facts, and no evidence introduced to that effect, and were matters which the jury had no right to discuss or consider, and such misconduct was highly prejudicial to the defendant, and required the setting aside of their verdict."

The substance of the matters therein stated as facts were conclusively established at the hearing on motion for new trial, and are not here in dispute. The view of the Court of Civil Appeals is reflected by the following language of its opinion:

"They further testified that the statement did not influence them in arriving at the verdict. It is not thought that the case

should be reversed on the statement quoted of the juror. It appears, in the circumstances of this case, that the statement could not have worked an injury to appellant. The undisputed evidence before the jury on the issue showed beyond any question that plaintiff was entitled to the affirmative answer made by the jury to the question."

On the question of the right to consider and effect to be given the evidence of jurors of the character quoted the authorities are in confusion, if not precise contradiction. This is illustrated by the following two quotations:

"When misconduct was thus shown, it was permissible to inquite into the effect of the same upon the minds of the jurors. Bradley v. Texas & Pacific Ry. Co., (Tex. Com. App.) 1 S. W. (2d) 861." Dallas Ry. & Terminal Co. v. Garner, 63 S. W. (2d) 542.

"The rule has been many times announced by this Court that, where misconduct by the jury in reaching a verdict is established and there is a reasonable doubt as to whether or not such misconduct affected the decision of the jury, the appellate court should set aside the judgment. The fact that the jurors testify that their verdict was not affected by the misconduct does not alter the rule." Taylor v. General Exchange Ins. Corp., 96 S. W. (2d) 70.

In so far as the expressions in the Bradley case, 1 S. W. (2d) 861, and Garner case, 63 S. W. (2d) 542, support a rule permitting a court to consider the testimony of jurors that proven misconduct of the character here considered did not influence their verdict, both are overruled.

Section 15 of the Bill of Rights, Texas Constitution, is in this language:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

In harmony with this constitutional command there was enacted Article 2234, in the following language:

"For misconduct.—Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

■ Whether or not such misconduct occurred is a question of fact. Upon its establishment, the further question of whether or not it is reasonably doubtful that such misconduct affected the verdict, becomes a pure question of law. Bradshaw v. Abrams, 24 S. W. (2d) 372. Unless the record shows beyond a reasonable doubt that such misconduct did not influence any juror in giving assent to the verdict, a new trial will be granted. Texas & P. Ry. Co. v. Gillette, 125 Texas 563, 83 S. W. (2d) 307, and authorities there collated. See also: Republic Ins. Co. v. Hale, 128 Texas 616, 99 S. W. (2d) 909.

■ The question of its materiality and probable effect upon the verdict must be measured and appraised in the light of the entire record of the trial—not by what some juror testified about his secret mental processes or hidden mental reaction to it.

■ There is involved in a consideration of this matter a question much larger than the pecuniary interest of the litigants, if the implied command of the Constitution to preserve the purity of jury trials, is not to become an empty and sterile thing. The road back to Star Chamber trials over which Anglo-Saxon jurisprudence had made its stumbling way, was not so long as it is now, when the language of Section 15 of the Bill of Rights was first written in America. That this section and the statute were intended to lay upon our courts the duty to protect jury trials from the ancient evil of hearing secret evidence, given without opportunity of cross examination or the administration of an oath, is not to be doubted.

■ We turn now to a consideration of the practical side of the question presented—that is, the materiality of evidence given the jury in secret, its probable effect, and whether or not we are able to say beyond any reasonable doubt that the quoted statements did not affect the verdict rendered. There must of course be a probability of injury as a practical matter, as the courts are not interested in protecting what is only a pure legalism, or preserving a shibboleth or high sounding legal phrase.

The misconduct occurred in considering Special Issue No. 7, which was in the following language:

"Do you find from a preponderance of the evidence that payment of compensation to the plaintiff, H. Lincecum, by the defendant, Traders and General Insurance Company, in weekly installments instead of a lump sum, if plaintiff is entitled to compensation, will result in a manifest hardship and injustice to the said H. Lincecum? Answer 'yes' or 'no'."

The jury answered "Yes."

The evidence supporting this issue came from defendant in error and was briefly in substance that after giving his lawyer one-third, he would have difficulty sustaining his family on the remainder, in monthly payments, and that it would work a hardship on him, if not paid in a lump sum.

We disagree with the Court of Civil Appeals that the issue was conclusively proven. We here make note of the fact that the Texas Workmen's Compensation Law contemplated that a claimant will be paid in monthly installments and fixed the amount of same—this doubtless because it was thought best not to pay men inexperienced in handling large sums the entire compensation at once, lest it be quickly dissipated or lost, leaving him and his family little benefit. It is thought that this provision was a wise and salutary one, but whether so or not, our duty is to give effect to the plain legislative intent. The testimony came from an interested witness, and presented, at most, a jury question to be decided by them in the light of human experience. By this we do not commit this Court to an announcement that the above issue was sufficiently supported. We need only decide it was not conclusively established—and this we hold without consuming space in citing authorities for the well known rule that such an issue is not ordinarily foreclosed by the testimony of an interested witness. This rule has a peculiar application here when we consider that installment payments are contemplated as being for the best interest of the claimant—and this regardless of his desire or judgment about it.

That the statements of the juror were reasonably calculated to cause the rendition of a "lump sum" verdict is too plain for argument; that they may have done so is equally plain. Certain it is, the juror intended to produce this result. There is no doubt of either, and any inquiry beyond this is not necessary under the record before us.

Judgments of the Court of Civil Appeals and trial court reversed and cause remanded.

Opinion adopted by the Supreme Court June 30, 1937.

Rehearing overruled October 20, 1937.