TRADERS & GENERAL INS. CO. v. LINCECUM.

No. 13876.

Court of Civil Appeals of Texas. Fort Worth.

March 10, 1939.

Rehearing Denied April 7, 1939.

Caves & Waldrop, of Henderson, and Lightfoot, Robertson & Gano and Dan P. Johnston, all of Fort Worth, for appellant.

Ed Yarbrough, of Henderson, for appellee.

SPEER, Justice.

This appeal involves a claim for compensation under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), growing out of alleged accidental injuries to an employee while in course of his employment.

The suit was instituted by H. Lincecum, as employee, against Traders & General Insurance Company, as insurance carrier, naming Panola Pipe Line Corporation as the employer. The employee will be referred to by us as appellee and the carrier as appellant.

For the purposes of this appeal, it will be sufficient for us to say appellee's amended petition, upon which trial was had, shows that he was an employee of the Panola Pipe Line Corporation, and that appellant carried a policy of compensation insurance, which protected appellee, as an employee. That on August 30th, 1932, he received an accidental injury, while in the course of his employment. That notice and demand for compensation were timely given; that the Industrial Accident Board heard and made a final award on the claim, and that he, being dissatisfied with the award, duly appealed to the District Court of Rusk County, Texas.

Appellee alleged that as a result of the accident, he had strained and wrenched his back, and tore and jerked the leaders, muscles, tendons and nerves loose in his back and side, and stripped the ligamentous attachments between the fifth lumbar vertebra and the sacrum and between the sacrum and ilium, and the bones are torn loose and separated; from all of which he had sustained serious and painful injuries, of such a nature, character and extent as to result in his total and permanent disability to perform manual labor; that said condition has existed continuously since the date of his injury and will continue throughout his life. He alleged his weekly wage rate to be $30.00, and showed a state of facts which, if established, would entitle him to a lump sum settlement.

Several alternative pleas were made, to the effect that if his disability was not total, it was partial; that if it was not permanent, it was temporary. Under each of his alternative pleas he alleged facts which, if proven, would entitle him to a recovery of the percentage of his compensation so established by the evidence.

The appellant (the carrier) answered with general demurrer and special exceptions, which need not be discussed, and by general denial and a special plea that that part of the amended pleading which says, "And the bones thereof are torn loose and separated", alleged for the first

time in appellee's amended petition, sets up a new cause of action from that alleged in his original petition, and is a different claim to that presented to and acted upon by the Industrial Accident Board.

A jury trial was had upon special issues. The verdict and judgment were favorable to appellee and appellant perfected its appeal to the Texarkana Court, but by order of the Supreme Court, is before us for review.

Appellant has discussed its 48 assignments of error under 26 propositions set out in the brief.

Under its propositions 1, 2 and 3, it is claimed that the trial court was without jurisdiction to hear and determine appellee's alleged cause of action, because claim had been filed with the Board for a "wrenched back", while in his pleadings appellee was claiming compensation for a different injury, such as is stated by us above. Appellant insists that the court should have given it an instructed verdict, and further that it was error for the court to permit the doctors to testify as to a dislocation of the sacroiliac joint over its objections.

■■ It is so well settled in this state that the rights of the parties in such cases as this are determined alone by the provisions of our Workmen's Compensation Act, to the exclusion of all other remedies, that it requires no citation of authorities. It is equally well settled that the rights and remedies provided by the Act are statutory and must be complied with in all respects to mature the claim preparatory for the adjudication by the courts when not satisfactorily determined by the Industrial Accident Board. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Federal Surety Co. v. Jetton, Tex.Com. App., 44 S.W.2d 923.

■ These statutory requirements encompass, among other things, the giving of notice to the employer and the Board, of the injury for which the employee claims compensation. There is no question here that such notice was not timely given. The point made by appellant is that the notice given stated appellee had sustained an accidental injury resulting in a "wrenched back". But when he brings suit in court he enlarges upon that claim by saying, in effect, that his wrenched back consisted of torn and lacerated leaders, muscles, nerves and ligaments in the back and stripping the ligamentous attachments between the lumbar vertebra and the sacrum and between the sacrum and ilium, and that the bones thereof were torn loose and separated. We do not think the allegations of appellee present anything for the court to consider that was not properly before the Board under the claim for a "wrenched back". Both words, wrench, and back, are very comprehensive in their meanings. Added to this are the great numbers of cases in which our courts have held that the Workmen's Compensation Act should receive a liberal construction. Wrench means, "a violent twist; a sprain and injury by twisting as in a joint". Back, relating to man, means, "the whole hinder part or surface of a man's body". Webster's New International Dictionary.

■ The construction given by our courts of the Workmen's Compensation Act is uniform in that the Board is not a court, but an administrative body. It has no hard and fast set rules of pleading and evidence, but may receive a claim for a general injury, as contradistinguished from a specific one, and upon investigation may hear extrinsic and even ex parte affidavits. Its duty to investigate such a claim extends to every phase of the injury, including those that naturally follow and are proximately caused from that named in the claim filed. When suit is filed in court, all matters that the Board could have properly investigated and passed upon may be incorporated in the pleading as a basis for the introduction of testimony in court under our judicial system of procedure. Such pleading and proof are sometimes referred to as an enlargement of the claim, but it does not mean that a new and independent cause of action from that embraced in the claim filed with the Board may be plead and tried in the court. Claims for accidental injuries to an employee are filed, in most cases, by the employee without the assistance of legal counsel, and by the Act it is wisely provided that he may do so on the blanks furnished by the Board for that purpose, and the nature of his claim is most frequently couched in few words. The employee, as a rule, knows nothing about the requirements of pleadings in court; he is not required to so word his claim that it shall cover the details of his injury; the Board will hear the evidence as to details as though they were specifical-

ly enumerated in the claim. Regardless of what the courts have previously said in touching upon these points, our Supreme Court has recently covered them in a definite and comprehensive opinion in case of Booth v. Texas Employers' Ins. Ass'n, 123 S.W.2d 322, in which opinion reference is made to many authorities. That case settles once and for all the question here involved against the contention of appellant, and these propositions are therefore overruled.

■■■■■ Propositions four to nine, and fourteen to seventeen, inclusive, in one way or another challenge the sufficiency of the evidence to establish the fact that appellee was in the employ of Panola Pipe Line Corporation at the time he was injured. We think the evidence was sufficient to raise the issue for determination by the jury. It is contended by appellant that because appellee's testimony to the effect that he was in the employ of Panola Pipe Line Corporation when injured, was a mere conclusion and being objected to upon that ground, rendered the testimony incompetent and therefore no legal evidence was before the court to justify the submission of that issue to the jury. The statement complained of purported to be one of fact, but certainly was such as would admit of cross examination or even contradictory evidence, to disprove the assertion by appellee. It cannot be said that before a man can state for whom he is working, or give the name of his employer, that he would have to procure and introduce in evidence the contract of employment, if in writing; or if not in writing, bring his employer into court to give the details of an oral contract of employment; and if the employer should testify that the employee was working for him, such an assertion would be none the less a conclusion than the same statement from the employee. If one is employed by a corporation the same absurd theory would confront him if he should be required to prove that an agent or official of the corporation had employed him, and then follow this up with proof that the agent or official was authorized by the corporation to so act, and then prove that the purported employer was in fact a corporation, with an effective charter under which it could legally act. Such a fine spun theory does not appeal to us.

The foreman with whom he worked testified that the injury occurred while

appellee was employed by the named employer; appellee testified on cross examination that he was in the employ of Panola Pipe Line Company when injured. Appellant's counsel asked him if he had not so testified and he answered in the affirmative, and was then asked if "That was correct", and appellee answered, "yes, sir". This testimony was introduced by appellant and, of course, without an objection, or request for its withdrawal. The appellant offered no testimony to contradict that offered by appellee.

The court submitted special issue No. 2 in this language: "Do you find from a preponderance of the evidence that such accidental injuries, if any, were sustained by the plaintiff, H. Lincecum, on August 30th, 1932, while an employee of the Panola Pipe Line Corporation?" The answer was "Yes".

This case has been previously tried and appealed to the Texarkana Court and there it was held upon even less testimony than is before us, that the verdict as to employment by the Pipe Line Company was supported by the evidence. Traders & Gen. Ins. Co. v. Lincecum, Tex.Civ. App., 81 S.W.2d 549. Writ of error was granted by the Supreme Court, and the Court of Civil Appeals' decision was reversed on other grounds. Traders & Gen. Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585.

Under assignments later to be discussed, this case must be reversed and remanded, but we have expressed ourselves upon the foregoing points in an effort to aid the court upon another trial.

Propositions 10 to 13, both inclusive, complain of the manner in which the court submitted issues on whether or not appellee had received temporary total disability and partial disability. These propositions based on adequate assignments of error must be sustained.

■■■■■ Appellee alleged alternatively, total permanent, total partial and temporary total and partial disability. Appellant controverted each and all of these allegations by a general denial. The evidence was such as to raise these issues, and they should have been submitted affirmatively and unconditionally.

The following special issues illustrate the points raised:

"Special Issue No. 4: Do you find from a preponderance of the evidence that the

plaintiff, H. Lincecum, sustained total incapacity on August 30th, 1932? Answer: Yes."

"Special Issue No. 6: Do you find from a preponderance of the evidence that such total incapacity of the plaintiff, H. Lincecum, if any, is permanent? Answer: Yes."

"If you have answered Special Issue No. 6 'Yes' then you need not answer special issues Nos. 8 and 9, but if you have answered special issue No. 6 'No' then you will answer special issues Nos. 8 and 9.

"Special Issue No. 8: How many weeks, if any, do you find from a preponderance of the evidence that the plaintiff, H. Lincecum, was totally incapacitated, if he was, and has continued or will continue from August 30th, 1932?" (Not answered.)

"Special Issue No. 9: Do you find from a preponderance of the evidence that the plaintiff, H. Lincecum, has suffered or will suffer any partial incapacity, if any?" (Not answered.)

 It is now well settled by our courts that the defendant (appellant in this case) is entitled to an affirmative submission of every defensive issue raised by the pleading and evidence, and this right cannot be defeated by the submission of other offensive issues, the answers to which may negative an answer that may be made to such defensive issues. This is true even though the answer to one may be contrary to the other and create such a conflict as to require a declaration of a mistrial. The contingent difficulties resulting from such a procedure should not deprive one party of his legal rights before the jury. Appellant's general denial was sufficient to raise the issue of temporary and partial disability. Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Traders' & Gen. Ins. Co. v. Forrest, Tex.Civ.App., 78 S.W.2d 987; Indemnity Ins. Co. v. Boland, Tex.Civ.App., 31 S.W.2d 518, writ refused; Traders & Gen. Ins. Co. v. Shanks, Tex.Civ.App., 83 S.W.2d 781, writ refused; Wright v. Traders & Gen. Ins. Co., Tex.Com.App., 123 S.W.2d 314; Southern Underwriters v. Wheeler, Tex. Com.App., 123 S.W.2d 340.

Propositions 18 and 19 complain because the court did not submit to the jury a special issue inquiring whether or not

appellee had worked at this or similar employment for substantially a year before the date he claims to have been injured. These propositions are based upon its twenty-ninth assignment of error. No error is shown in the matters complained of for the reason appellant did not present to the court and request the giving of such an issue. Even to concede that the evidence raised the issue, which we find is unnecessary for us to determine, appellant's objections and exceptions to the charge on that ground will not authorize its consideration when no request was made for the charge. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183.

 The average weekly wage rate by which compensation may be allowed, is controlled by subsections 1, 2 and 3 of section 1, Art. 8309, R.C.S. If the evidence upon another trial raises the issue, the court will doubtless observe the provisions of this statute with proper definition of the terms used, properly placing the burden of proof upon the plaintiff.

 Propositions 20 to 27, both inclusive, challenge the manner in which special issues were worded, claiming that the manner of their submission places the burden of proof on defendant (appellant) and not, as it should be, on the plaintiff (appellee). An example of the issues submitted to which the objections were made, is found in special issue No. 1, which reads: "Do you find from a preponderance of the evidence that the plaintiff, H. Lincecum, received accidental injuries on the 30th day of August, A. D. 1932?" Answer "yes" or "no". A very similar question to the one here urged was before us in Traders & General Ins. Co. v. Burns, Tex.Civ.App., 118 S.W.2d 391, and we there held against the contention. here made, and can add nothing now to that opinion.

The errors herein pointed out require a reversal of the judgment rendered, and it is therefore remanded for another trial.

On Motion for Rehearing.

Appellee, Lincecum, has filed a motion for rehearing, in which he urges that we erred in reversing the judgment of the trial court, because of failure to submit, unconditionally, whether or not appellee had suffered any partial incapacity, as set out in our original opinion. It is claimed

that there was a total absence of evidence raising the issue of partial incapacity. The authorities cited by us are reviewed in this motion, and our attention is called to the fact that in each case it was said, in effect, that such issues should be submitted when the evidence raises the point. Likewise, we are cited to the case of Southern Underwriters v. Wheeler, Tex. Civ.App., 108 S.W.2d 846, in which this court held that no error was shown by a failure to submit, unconditionally, certain issues as to partial incapacity, when the issue was in fact answered, in disregard of the preamble complained of. However, the Supreme Court granted a writ of error in that case and reversed our holdings. Southern Underwriters v. Wheeler, Tex.Com.App., 123 S.W.2d 340. In the latter opinion the particular issue complained of, as discussed by us, was not singled out; yet the broad rule was announced, that such issues were essential to the association's defense plead under a general denial, and if there was any substantial evidence offered, they must be submitted affirmatively and unconditionally. The cases cited by us in the original opinion are to the same effect. The principle announced in these cases is not denied by appellee, but he contends there was no evidence adduced to raise the issue.

While we did not attempt to enumerate the phases of the evidence on the point in the original opinion, we considered that question was raised. Briefly stated, the record shows the employee did light work at intervals after he received the injury; he did the chores about the home, such as getting the wood and water, carrying the water about a quarter of a mile from a spring; that he had carried some poles on his back for wood; that he had helped do some painting on a house; that he had hauled wood on a wheel-barrow about a quarter of a mile; that he went in an automobile five or six miles, often to see the doctor. A letter was introduced in evidence, written by Dr. Shaw, a member of the Clinic Staff, in which the doctor expressed the opinion that he doubted if plaintiff's injuries were serious, referring to them as "oil-field" back injuries. Dr. Shipp, who testified for appellee, identified the letter of his partner, Dr. Shaw, and stated that the business manager of the Clinic had the authority to make out the reports in such cases and to sign his name to them. Dr. Shipp testi-

fied in full as to the extent of appellee's injuries, and gave as his opinion that Lincecum was totally and permanently incapacitated. He further said he had had occasion to observe him often since the injury; in fact, had done his family practice and delivered his baby, then present in the court room. These things we think were sufficient to require the submission of the issue of partial incapacity.

While the question is not raised by appellee in his motion, for he has no complaint on the point, we note, by a careful reading of our former opinion, we announced a rule, the correctness of which we now doubt. At least, it is misleading and may cause the trial court to go into error upon another trial. The fourth paragraph from the last of the opinion, beginning with these words: "Propositions 18 and 19 complain," etc., is here withdrawn. The assignment there discussed was one (by carrier) complaining that the court had not submitted to the jury an issue from which it could be determined whether or not the employee had worked substantially for a year, at the same or similar employment as that engaged in when injured.

We now say, in lieu of the paragraph withdrawn, that since the burden of proof was upon appellee to show that his average weekly wage rate must be fixed under one of subsections 1, 2 or 3 of Article 8309, Section 1, in the order named, he must show by competent evidence that he had worked in the employment in which he was engaged when injured, whether for the same employer or not, substantially for the whole of the year immediately preceding the injury, before he can have his wage rate fixed under that subsection, as was done in this case. This becomes a fact for determination by the jury, when one is had. In this case, the employee alone testified to these matters, but it has often been held that the evidence of an interested party uncorroborated by any other fact or circumstance is not sufficient to legally establish a controverted fact. The general denial of appellant controverted every legal phase of appellee's right of recovery. His testimony raised a fact issue for determination by the jury and should have been passed upon by it. Thraves v. Hooser, Tex.Com. App., 44 S.W.2d 916, and the authorities there cited. If the testimony upon another trial should be the same as it was at the

last, the court should submit that issue to the jury.

With the correction mentioned, the motion of appellee for rehearing is overruled.