## BARNES v. GUTHALS.

### No. 8891.

Court of Civil Appeals of Texas. Austin.

Feb. 14, 1940.

Rehearing Denied March 13, 1940.

B. W. Smith, of San Angelo, for appellant.

Murphy & Leslie, of San Angelo, for appellee.

BAUGH, Justice.

Suit was by J. L. Guthals for himself and as next friend of his minor son, Laurence Guthals, against L. M. Barnes, for damages for personal injuries resulting from a collision between a car in which they were riding as guests of Frank Von Sprecken, and a truck belonging to L. M. Barnes. Barnes impleaded Von Sprecken on the ground that the collision resulted from his negligence and sought, in the event of a judgment against him, recovery against Von Sprecken. Trial was to a jury on special issues. A verdict was instructed in favor of Von Sprecken. Based upon the jury's answers to the special issues, judgment was rendered for Laurence Guthals for $350, and that his father in his individual capacity take nothing; hence this appeal.

Appellant's first contention relates to argument of appellee's counsel to the jury complained of as being improper. Since we have concluded that the case must be reversed on other grounds, we pretermit a discussion of that issue here. It need not occur upon another trial hereof.

Reversal is required because of misconduct of the jury. It is not controverted

that one of the jurors recited experiences he had had with trucks operating over the highways, and stated, "that they ought to be made to build their own roads and kept off the highway; that they were traffic hogs; those were experiences he had had." This juror also related an experience he had had in a collision in which five persons were injured, including himself.

It was also stated by some of the jurors that Barnes carried a policy of insurance on his truck; that under the law he had to carry insurance; that Barnes would not have to pay any judgment that might be rendered against him; "that commercial carriers on the highways were bound to have policies, therefore we were not hurting Barnes when we rendered a judgment against him."

■ That such statements of matters not in evidence constituted prejudicial misconduct is now well settled by numerous cases involving the same questions. Such misconduct requires a reversal, "unless the record shows beyond a reasonable doubt that such misconduct did not influence any juror in giving assent to the verdict."

This question was fully discussed and all prior conflicts removed in an opinion of the Commission adopted by the Supreme Court in Traders & General Insurance Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585, to which we refer for a full discussion thereof. See also Republic Insurance Co. v. Hale, 128 Tex. 616, 99 S.W.2d 909; 41 Tex.Jur., §§ 102 and 104, pp. 850 and 855; 31 Tex.Jur., § 38, p. 43.

■ Appellee insists that since the evidence would have sustained a verdict for a much larger sum than that awarded by the jury, it clearly appears that the misconduct did not affect the verdict. This, however, does not clearly appear. The juror who testified was somewhat doubtful as to whether such statements and arguments affected his own verdict. He also testified that at first four or five of the jurors were in favor of giving appellee only $100 damages; and that after these arguments and statements were made the $350 was agreed upon. This was sufficient to raise a reasonable doubt as to the effect of such improper conduct upon the verdict.

■ Appellant also asserts error of the trial court in refusing to submit to the jury his requested defensive issues that the car in which appellee was riding was at the time of, or just prior to, the collision being driven on its left hand side of the road. This defense was pleaded and appellant insists that the issue was raised by the evidence. It may be doubted that the evidence relied upon was sufficient to raise the issue. In view of another trial, however, it is not amiss to state that under the now well settled rule a defendant is entitled to have an affirmative submission of all defenses raised by the pleadings and the evidence; and if upon another trial, there be any competent evidence raising such issue it should be submitted to the jury.

In view of the reversal on the grounds stated, the other question presented—that is, refusal of the trial court to grant a new trial on the grounds of newly discovered evidence—becomes immaterial.

No appeal is prosecuted from, and no complaint made of, the judgment in favor of Frank Von Sprecken, and against J. L. Guthals individually. As to them the judgment is affirmed. As between Laurence Guthals and L. M. Barnes only the judgment of the trial court is reversed and the cause remanded for another trial.

Affirmed in part and in part reversed and remanded.