## MITCHELL v. GIBSON et al.
### No. 2237.

Court of Civil Appeals of Texas. Eastland.
Feb. 6, 1942.

Rehearing Denied March 6, 1942.

Donald & Donald, of Bowie, and B. F. Russell, of Baird, for appellant.

Darden & Burleson, of Waco, and Cox & Hayden, of Abilene, for appellees.

GRISSOM, Justice.

Paul Mitchell sued E. H. Gibson and L. C. Jones for damages alleged to have been sustained by him in a collision between an automobile driven by Gibson and an automobile in which Mitchell was riding on November 29, 1939. Plaintiff alleged Gibson was employed by Jones and was on α mission for Jones at the time of the collision; that Gibson was then acting as a "truck pusher" and overseer of truck movements for Jones; that Gibson was stationed at Odessa and on the day of the collision was traveling from Odessa toward Waskom, "where he was to meet certain trucks enroute therefrom loaded with machinery for the purpose of assisting them along said highway towards Odessa * * *." That Gibson was driving a Buick automobile; that the use of said car was in the interest of Jones and in the furtherance of Jones's business, and that Jones was, therefore, liable for the acts of Gibson.

That Jones was guilty of negligence in permitting Gibson to act as his agent in driving said automobile at a high and dangerous rate of speed and in "designating unto said agent the necessity of so acting in order to go and meet said trucks and push them along through to point of destination; for the said defendant, L. C. Jones, knew that said E. H. Gibson would be forced to travel at a high and dangerous rate of speed in carrying out such instruction, and therefore all of the actions of the said E. H. Gibson are directly and proximately charged to the said L. C. Jones, as well as the said E. H. Gibson  *  *  *."

The defendants filed separate answers. Jones's answer contained, among other things, a denial that at the time of the collision Gibson was his agent, servant or employee, or was then engaged in the scope or course of any agency, service or employment for Jones; or was then engaged in the furtherance of the affairs or business of Jones. Jones alleged that at the time of the accident Gibson was enroute to Ft. Worth on a mission of his own and was not then doing anything in any manner connected with the affairs or business of Jones.

The court, among others, submitted the following issues which were answered as hereinafter shown:

"A. Do you find from a preponderance of the evidence that E. H. Gibson was an employee of the defendant L. C. Jones, at the time of the collision in question? Answer: Yes.

"B. Do you find from a preponderance of the evidence that at the time of the collision in question, E. H. Gibson was doing or performing anything in furtherance of the business or trade of the defendant, L. C. Jones? Answer: No.

"C. Do you find from a preponderance of the evidence that E. H. Gibson, on the occasion in question, was on a personal mission of his own? Answer: Yes."

The court rendered judgment, based on the verdict, for plaintiff against Gibson for $1,500, and that Mitchell recover nothing from Jones. Plaintiff has appealed.

Only plaintiff and Jones have filed briefs in this court.

. In order that plaintiff's contention, as presented in his first three propositions, may be as definitely and clearly presented as possible, we have decided to copy said propositions. They are as follows:

"Since it was pleaded that E. H. Gibson was an employee of L. C. Jones at time in question, that he was on a mission for his employer, and the evidence shows that at very time of accident he was a truck pusher for L. C. Jones, subject to duty at all times, on monthly salary, and that it was within the scope of E. H. Gibson's duties to solicit business, attend to the movement of trucks, and that there were seven trucks loaded with equipment belonging to Arrow Drilling Company then enroute from Waskom, Texas, to Odessa, Texas, a prima facie case of liability against E. H. Gibson and L. C. Jones was established, and since L. C. Jones, who was present in court, did not give any testimony to refute such prima facie case, judgment should have been entered against L. C. Jones also, and it was error for the trial court not to do so.

"In view of the fact that L. C. Jones, though present in court, did not testify in his behalf denying the prima facie case made by showing that E. H. Gibson at time of collision was in the employment of said L. C. Jones, paid on monthly basis, and that the acts of E. H. Gibson at time in question was within the apparent scope of his duties as truck pusher, and that E. H. Gibson was negligent at the time and place that was the proximate cause of plaintiff's damages, judgment should have been rendered against L. C. Jones, as a matter of law, and there was not sufficient evidence to support the verdict of the jury and the trial court erred in entering judgment denying recovery against the said L. C. Jones.

"The fact as to whether E. H. Gibson was in the course of his employment as agent of L. C. Jones, was peculiarly within the knowledge of said employer and said employee, and there was no way of proving such other than by them or the records, and any fact stated by them cannot be otherwise disproved, and therefore when it was plead and proven that E. H. Gibson at time of collision was in the employ of L. C. Jones acting as truck pusher, on monthly salary, subject to duty at all times, and that it was within the apparent scope of Gibson's duties to look after the movement of the seven trucks then moving between Waskom and Odessa, Texas, and that such trucks would move over the route then coursed by E. H. Gibson, and thereby a prima facie case is established as to negligence and L. C. Jones, though present in court, failed to deny such facts, he thereby became bound and any recovery against

E. H. Gibson was likewise proper against L. C. Jones, and it was error for the court to deny judgment against L. C. Jones, and the issues submitted as to whether E. H. Gibson was in the course of his duties as agent of L. C. Jones were immaterial and irrelevant, and not binding in anywise."

The record shows that Jones resides in Oklahoma. Plaintiff does not point out any evidence showing that Jones on or about the date of the collision was at Odessa, or in contact with Gibson, nor have we found any. The record shows Jones owned a fleet of trucks; that he had several employees at his camp at Odessa; that W. H. Nolan was in charge of Jones's Odessa camp and was Gibson's boss. Nolan testified that on the afternoon of November 28, the day before the collision, Gibson asked Nolan for permission to take a few days off to attend to his own personal affairs and Nolan granted the request. That after Gibson was granted a leave of absence for several days to attend to his own affairs, Gibson left the Ford coupe, which belonged to Jones and was usually operated by Gibson when he was attending to Jones's business, and took his own automobile, a Buick, and left the camp and did not return until he was discharged from a hospital several days after the accident of November 29th. Mr. Nolan testified Gibson was not paid for the time that he was off duty. Nolan testified that before Gibson asked permission to take a few days off he (Nolan) had sent some trucks to Louisiana to get some oil well drilling equipment and take it to Odessa; that when Gibson came to see Nolan, on November 28, about taking a few days off, before Gibson asked for permission to take a vacation, he inquired of Nolan whether it would be necessary for him to look after these trucks and was told by Nolan that it would not be necessary and Gibson then made his request for permission to take a vacation.

Both Gibson and Jones were present at the trial of the case. Neither testified in person. Jones had taken the deposition of Gibson and plaintiff offered a part of that deposition and Jones offered a part. Gibson testified that after he obtained permission from his superior, Nolan, on November 28, to take a few days off to attend to his personal affairs, on the morning of November 29 he left Odessa going to Ft. Worth with a lady, who is now his wife; that he intended spending Thanksgiving day in Fort Worth and then take her to

her home in Oklahoma; that he was not going to meet Jones's trucks traveling from Louisiana to Odessa; that he was not then doing anything for Jones, but was on a pleasure trip of his own. The evidence does show that since 1937 Gibson had been employed by Jones as a "truck pusher"; that he was employed by the month; that his wages were $150 per month and he was subject to duty at all times. Plaintiff does not point out any evidence that Jones knew anything about Gibson obtaining permission from Nolan to take a few days off, or about Gibson's trip to Ft. Worth, or that Gibson was "docked" for the time he was off. There is evidence that Gibson was docked by Nolan; that the records of Jones's trucks and camps were kept by a Mr. Fitch. We cannot agree with appellant's statement in his third proposition that whether Gibson was acting within the scope of his employment at the time of the collision "was peculiarly within the knowledge of said employer." As heretofore stated, we have found no evidence indicating that Jones knew anything about that situation to which he could testify. Jones's employee, Nolan, who was Gibson's boss and gave Gibson permission to take a vacation the day preceding the accident, did testify.

By said propositions we understand plaintiff to contend that the evidence constituted prima facie proof that Gibson, at the time of the collision, was acting as the agent of Jones, and since Jones was present at the trial but did not testify, plaintiff's evidence was conclusive on that issue, and further that, since the jury found Gibson guilty of negligence and judgment was rendered against Gibson for $1,500, as a matter of law, plaintiff was entitled to judgment against Jones for the same amount.

Assuming for present purposes that the testimony was sufficient prima facie to show, or sustain a finding, that Gibson at the time of the collision was acting within the scope of his employment, it does not follow that Jones's failure to testify made such testimony, or prima facie evidence, conclusive of the fact that Gibson at the time of the collision was acting for Jones. American General Ins. Co. v. Nance, Tex.Civ.App., 60 S.W.2d 280, 284, writ refused; 22 C.J. 120 et seq.; 70 A.L. R. 1326 et seq.; Missouri, K. & T. R. Co. v. Day, 104 Tex. 237, 243, 136 S.W. 435, 34 L. R.A.,N.S., 111; Longhorn Drilling Corp. v.

Padilla, Tex.Civ.App., 138 S.W.2d 164. Whether or not Gibson at the time of the collision was acting within the scope of his employment was a question of fact, raised by the pleadings and the evidence and determined by the jury against plaintiff. The record reveals no motion that the court disregarded the answers to issues B and C, or notice of such motion, as required by Art. 2211, Vernon's Ann.Civ.St. Parks v. Hines, Tex.Civ.App., 68 S.W.2d 364, affirmed 128 Tex. 289, 96 S.W.2d 970, 972; Simmonds v. St. Louis B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332. Said propositions are overruled.

Special issues Nos. 27 and 28 were submitted to the jury and answered as follows:

"Do you find from a preponderance of the evidence that the physical infirmities, if any, of the plaintiff, were due directly and proximately by a cause or causes not directly and proximately the result of the accident in question? Answer: Yes.

"If you have answered the foregoing special issue No. 27 in the affirmative or Yes, then in that event, you will answer:

"What per cent, if any, of physical infirmities, if any, of the plaintiff, do you find from a preponderance of the evidence, was due directly and proximately to a cause or causes not directly and proximately the result of the accident in question? Answer: 75 percent."

See Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 138 S.W.2d 254, 262, writ refused.

■ A petition filed by plaintiff Mitchell in a workmen's compensation case was introduced in evidence. Plaintiff in that case alleged that there had been a terrific impact of a heavy timber against the base of plaintiff's spine which produced a fracture of the coccyx bone and caused a fusion of the third and fourth vertebrae; that said vertebrae were crushed and fused to the pelvic bone; that his spinal cord was crushed; that an entire stiffness of his backbone resulted and he was unable to bend his back; that he was unable to sit for a period longer than a few minutes at a time and that he was permanently and totally disabled. Mr. Mitchell testified in the instant case that he suffered an injury in 1935; that in that accident his spine was injured. He further testified: "I had partially recovered, enough to where I was able to carry out my line of work. Q. After that injury you got in 1935, I believe

you say you hadn't done any heavy oil field work since that time, Mr. Mitchell? A. I never had gone back to work on tools, that is right." Plaintiff says there was not a scintilla of evidence that prior to the collision he was not "able-bodied and well" or "physically handicapped in anywise." If plaintiff made any objections to the submission of said issues they are not pointed out in the brief. No authority is cited sustaining the contention contrary to appellant's contention. We are of the opinion there was evidence supporting said findings.

■ Plaintiff says the court should have granted his motion for a new trial because of the alleged misconduct of the juror Coats. There was evidence to the effect that Mr. Coats told the jury he heard two witnesses testify in another case as to appellant's prior injuries. Mr. Coats testified on the motion for a new trial that he did not make that statement. The court overruled the motion for new trial. We assume, as it is our duty to do, that the court found as a fact, as he had the right to find, that Mr. Coats did not make the statement.

■ Appellant's sixth proposition is that the jury did not answer issues A, B, and C, supra, as they were submitted "but studied and discussed the effect of their answers in order to relieve * * * Jones from liability for the acts of Gibson [and that] such improper discussion and apportionment of liability was misconduct of the jury * * *." In the argument following this proposition plaintiff says: "* * * it is a ground for a new trial that the jury agreed in advance as to the party who should prevail, and then answered the issues accordingly." We agree with this statement of the law, but after studying the testimony adduced on the motion for a new trial, we are definitely convinced that no such fact situation is conclusively shown. At most, it merely raised a question of fact which has been determined against plaintiff by which this court is bound. City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S.W.2d 989; Traders & General Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585; Edens-Birch Lumber Co. v. Wood, Tex.Civ.App., 139 S.W.2d 881.

All propositions briefed by plaintiff have been carefully considered and are overruled.

The judgment is affirmed.