**Homer BARNETT, Appellant,**

**v.**

**PARKER & PARKER, INC., Appellee.**

No. 5548.

Court of Civil Appeals of Texas.

El Paso.

Sept. 11, 1963.

Warren Burnett, Odessa, for appellant.

Turpin, Kerr, Smith & Dyer, Max N. Osborn, Midland, for appellee.

PRESLAR, Justice.

This is a suit for damages resulting from an intersection collision. The jury found negligence and proximate cause on the part of both defendant and plaintiff, and judgment was entered for defendant. Plaintiff sought a new trial alleging, among other things, jury misconduct, and from an adverse ruling on that motion plaintiff appeals to this court on the following points of error:

"First Point

"The Trial Court erred in overruling Appellant's Motion for New Trial because one of the Jurors gave unsworn testimony in the Jury Room pertaining to conditions of the intersection in question.

"Second Point

"The Trial Court erred in overruling Appellant's Motion for New Trial because at least one of the Jurors in-

formed the Jury that the answers to the contributory negligence issues were immaterial."

On the hearing of the Motion for New Trial, four jurors testified. An examination of the Statement of Facts for that hearing shows their testimony to be in conflict. The trial judge made findings of fact, two of which are pertinent here:

"2. That no juror stated during the jury's deliberations that it did not make any difference how certain issues were answered.

"3. That no juror gave any personal knowledge concerning the happening of the accident, to the other jurors."

 Rule 327, Texas Rules of Civil Procedure, governs the requirements for new trials based on jury misconduct, and it is well established that the complaining party must establish under that rule: (1) that such misconduct did in fact occur; and (2) that injury probably resulted to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. If either requirement is answered in the negative, then the complaining party has not met the burden placed on him by Rule 327. The first requirement is a fact question to be determined from the testimony of jurors and any other competent evidence, including the record as a whole, and the second requirement is a question of law. Traders & General Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585; Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622; State of Texas v. Wair, 163 Tex. 69, 351 S.W.2d 878. The first requirement being a fact question brings us to consider the trial judge's above findings of fact. A study of the Statement of Facts of the hearing on Motion for New Trial shows them to be a negative answer to the very matters urged on that Motion and brought forward as points of error on appeal. The trial judge having found expressly that as a matter of fact there was no misconduct, the ques-

tion for this court is whether such findings are an abuse of discretion. Viewing the entire record in this case, we are of the opinion that there is support in the evidence for the findings of the trial court, and that such findings are not an abuse of discretion. In the absence of an abuse of discretion, this court is bound by such findings. (See State of Texas v. Wair, 1961, supra.) In the absence of misconduct, there can be no question of probable harm. Selmikeit v. El Paso City Lines, Tex.Civ. App., 365 S.W.2d 840 (ref., N.R.E., El Paso 1963).

Appellant's points are accordingly overruled, and the judgment of the trial court is affirmed.