TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. MYRTLE IVY MCCASLIN ET VIR.

No. A-6880. Decided November 12, 1958.
Rehearing overruled December 10, 1958.
(317 S.W. 2d Series 916)

274

*Ramey, Calhoun, Brelsford, Hull & Flock* and *Jack W. Flock,* all of Tyler for petitioner.

The Court of Civil Appeals erred in holding that the misconduct of plaintiff in communicating with a juror, during the trial of the case neither vitiated the verdict nor violated the policy of the law in maintaining the efficiency, inviolability and purity of trials by jury. First National Bank v. Hix, 164 S.W. 1035, no writ history: Gulf, C. & S. F. Ry. Co. v. Matthews, 66 S.W. 588; St. Louis S. W. Ry. Co. v Gilpin, 73 S.W. 2d 1054.

*Hardy & Odom, Ben Goodwin* and *Bill B. Lambert* all of Tyler, for respondent.

In reply cited the cases of Watson v. Texas Indmn. Ins. Co., 147 Texas 40, 210 S.W. 2d 989; Johnson v. Star, 1212 Texas 195, 47 S.W. 2d 608, affirmed 287 U.S. 527, 53 Sup. Ct. 265; 77 L. Ed. 473.

MR. JUSTICE NORVELL delivered the opinion of the Court.

While this case was on trial in the district court the plaintiff, Myrtle Ivy McCaslin went to the business office where Miss Willie Morrison, a member of the jury empaneled to try the case, was employed and engaged her in conversation. The testimony in the record clearly indicates to us that the purpose of this visit was to influence Miss Morrison's actions as a juror. As the plaintiff took her leave, she concluded the conversation by saying: "Be sure and do all you can to help me" or something of a similar nature.

There is no dispute as to this occurrence, but the District Court and the Court of Civil Appeals held that the record failed to show that injury probably resulted to the Texas Employers' Insurance Association, the defendant and losing party in the trial court. See opinion of the Court of Civil Appeals, 312 S.W. 2d 593.

In so holding, the courts below erred.

■ The doctrine of harmless error in this state is for the most part embraced in Rule 327, which is applicable to jury misconduct, unlawful communications with the jury and the like, and Rules 434 and 503 which contain identical wording and relate to the Courts of Civil Appeals and the Supreme Court respectively. The pertinent parts of these rules, together with Rule 1, are set out in the margin.[1] There is no requirement that the party asserting error must show injury beyond a reasonable probability in order to secure a reversal of a judgment. And in estimating the probability of injury, the act of overt misconduct in itself may be the most compelling factor in establishing prejudice. It is so in this case.

■ While the briefs urge certain matters in extenuation of Mrs. McCaslin's conduct, such as lack of education and a probable failure to fully appreciate the purpose of the trial judge's instructions relating to the conduct of parties and jurors, nevertheless our norms of expected conduct must possess uniformity of application as to parties and the overt act here involved amounts to tampering with the jury and must be classified and treated as such. Such acts have never been regarded lightly by the Texas courts. Our constitution provides that "The right of trial by jury shall remain inviolate." Article 1, Section 15, Constitution. This means a trial by a jury unaffected by bribes, promises of reward and improper requests to "do all you can to help me." Beazley v. Denson, 40 Texas 416, 1.c. 437; Traders

---

1.—"Rule 1. The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

"Rule 327. Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received of the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party.

"Rules 434 and 503 — * * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *."

& General Ins. Co. v. Lincecum, 130 Texas 220, 107 S.W. 2d 585; Texas Milk Products v. Birtcher, 138 Texas 178, 157 S.W. 2d 633; Larson v. Levy, Texas Civ. App., 57 S.W. 52, no writ history; Gulf Colorado & Santa Fe Railway Co. v. Matthews, Texas Civ. App., 66 S.W. 588, no writ history. See also, Gulf Colorado & Santa Fe Ry. Co. v. Schroeder, Texas Civ. App., 25 S.W. 306, no writ history; Palm v. Chernowsky, Texas Civ. App., 67 S.W. 165, no writ history; Albers v. San Antonio & Aransas Pass R. Co., Texas Civ. App., 81 S.W. 828, no writ history; First National Bank v. Hix, Texas Civ. App., 164 S.W. 1035, no writ history; Campbell v. Struve, Texas Civ. App., 30 S.W. 2d 344, wr. ref.; Marshall v. Watson, Texas Civ. App., 40 S.W. 2d 352, no writ history; Carrington v. Southern Neon Sign Mfg. Co., Texas Civ. App., 43 S.W. 2d 971, no writ history; St. Louis Southwestern R. Co. of Texas v. Gilpin, Texas Civ. App., 73 S.W. 2d 1054, writ refused; Oliphant v. Buie, Texas Civ. App., 134 S.W. 2d 751, wr. dism. c.j.; Anderson Bros. v. Parker Const. Co., Texas Civ. App., 254 S.W. 642.

■ The view taken by the courts below was that as the rule of probable prejudice has for the most part been substituted for the rule of reasonable doubt in determining matters of reversible error, the motion for new trial was properly overruled. Watson v. Texas Indemnity Ins. Co., 147 Texas 40, 210 S.W. 2d 989. It was held that the record as a whole did not show that the conversation between Mrs. McCaslin and Miss Morrison affected the latters action as a member of the jury to the prejudice of defendant. In the course of the investigation of this matter of probable prejudice testimony was heard as to Miss Morrison's original reaction to the conversation as well as her reaction to the foreman's admonition to lay the matter aside while deliberating upon a verdict. This occurred when Miss Morrison reported the occurrence to her fellow jurors. By such testimony an attempt was made to inquire into the mental processes and reactions of Miss Morrison in the unusual situation in which she found herself. It is argued by respondent-plaintiff that such evidence shows that Miss Morrison was actually prejudiced against Mrs. McCaslin's cause by reason of the occurrence. It has been held that a juror's action may be affected by some improper action on the part of one interested in the outcome of a case without the juror's being aware of the deleterious effect of the improper act, Gulf, Colorado & Santa Fe Railway Co. v. Matthews, Texas Civ. App., 66 S.W. 588, no writ history, and certainly this holding is in accord with known human experience. However, it has also been repeatedly held that a juror's mental processes may not be probed. Traders & General Ins. Co.

v. Lincecum, 130 Texas 220, 107 S.W. 2d 585; Akers v. Epperson, 141 Texas 189, 171 S.W. 2d 483, 156 A.L.R. 1028; Trousdale v. Texas & New Orleans Railroad Co., 154 Texas 231, 276 S.W. 2d 242, affirming Trousdale v. Texas & New Orleans Railroad Co., Texas Civ. App., 264 S.W. 2d 489 in which it was said that:

"When the general rule is applied to specific inquiries, we find these results: A juror's disavowal of influence derived from misconduct is not a proper inquiry. Motley v. Mielsch, 145 Texas 557, 200 S.W. 2d 622; Sproles Motor Freight Lines, Inc. v. Long, 140 Texas 494, 168 S.W. 2d 642; Traders & General Ins. Co. v. Lincecum, supra (expressly overruling decisions to the contrary); Republic Ins. Co. v. Hale, 128 Texas 616, 99 S.W. 2d 909; Sidran v. Western Textile Products Co., Texas Civ. App., 258 S.W. 2d 830, 832 (writ granted). A juror's admission that he was influenced is equally improper evidence, for the same reasons. Swaim v. Teasley, Texas Civ. App., 249 S.W. 2d 674; Phillips v. Texas & Pacific Ry. Co., Texas Civ. App., 223 S.W. 2d 258; Gulf, Colorado & Santa Fe Ry. Co. v. Waterhouse, Texas Civ. App., 223 S.W. 2d 654, 662; Lackey v. Moffett, Texas Civ. App., 172 S.W. 2d 715; Chandler v. Wiemers, Texas Civ. App., 4 S.W. 2d 569; contra, Perez v. Consolidated Underwriters, Texas Civ. App., 206 S.W. 2d 162; Hampton Co. v. Joyce, Texas Civ. App., 80 S.W. 2d 1066; Southern Traction Co. v. Wilson, Texas Com. App., 254 S.W. 1104. * * * The honest purpose and motives of a juror neither excuse nor mitigate misconduct. Whelan v. Henderson, Texas Civ. App., 137 S.W. 2d 150, 152; Stehling v. Johnston, Texas Civ. App., 32 S.W. 2d 696. * * *

"Such matters should not be the subject of inquiry in misconduct hearings, and they should be disregarded for all purposes when included in the court's findings."

The conclusion of probable injury or an absence thereof must be drawn from overt acts such as conversations and physical actions, i.e., what was said and done. In law, the inference of prejudice or lack thereof when drawn from such acts is deemed more reliable and certainly more practical of ascertainment than allowing each juror to serve as his own analyst. Sproles Motor Freight Lines, Inc. v. Long, 140 Texas 494, 168 S.W. 2d 642. When a juror has been subjected to an improper influence, such as that disclosed by the present record, it is difficult and often impossible for the juror to maintain an impartial attitude as between the litigating parties. And this is true whether the

juror is prejudiced in favor of or against the party guilty of the improper act. In any event the trial cannot thereafter proceed to a fair and impartial jury as contemplated by Article 1, Section 15 of our Constitution. Traders & General Ins. Co. v. Lincecum, 130 Texas 220, 107 S.W. 2d 585.

The change in the practice effected by Rule 327 is specifically set forth therein. The rule of "probable prejudice" was substituted for that of "reasonable doubt." Trousdale v. Texas & New Orleans Railroad Co., 154 Texas 231, 276 S.W. 2d 242. Except in this particular, the decisions of this Court and the Courts of Civil Appeals rendered prior to the adoption of the rule possess precedential value.

Shortly after the Texas Rules of Procedure became effective the El Paso Court of Civil Appeals in Cloudt v. Hutcherson (1943) 175 S.W. 2d 643 discussed the effect of the adoption of Rule 327. The Late Chief Justice Price writing for the court said:

"We do not think that it (Rule 327) changed the law as expounded in the decisions construing Art. 2234 (the predecessor statute), that the result of proven misconduct is an issue of law. It was not intended, we think, to deprive the Supreme Court or the Courts of Civil Appeals from passing on same as an issue of law. It was not intended that the finding by the trial court that probable injury did not result, even though there is a conflict in the proof thereof or different inferences may be drawn from the evidence, should absolve the appellate courts from the duty of determining the question. We cannot believe the Supreme Court intended to relinquish its power and duty to see that the right of trial by jury remain inviolate and to protect its purity and efficiency.

"In the trial of the issue arising on a motion for a new trial on the grounds specified in the rule, the ultimate issue is as to whether or not the trial was materially unfair. The infringement of a right not resulting in injury should not condemn a trial as unfair. It does not affect either the purity or efficacy of a jury trial. The determination of whether or not probable injury reasonably appears in the trial is no more a determination of a question of fact than the determination whether or not it appears beyond a reasonable doubt that injury did not result. Where it reasonably appears that the trial was materially unfair, the judgment should be reversed."

See also, Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462; City of Houston v. Quinones, 142 Texas 282, 177 S.W. 2d 259; Tumlinson v. San Antonio Brewing Ass'n., Texas Civ. App., 170 S.W. 2d 620, wr. ref., w.m.

The burden of the complaining party is met by showing that the trial which resulted in a judgment against him was materially unfair. Rule 327 does not preclude the drawing of logical inferences of prejudice and unfairness from the overt act itself for an action or occurrence may be so highly prejudicial and inimical to fairness of trial that the burden of going forward with proof of harm is met, prima facie at least, by simply showing the improper act and nothing more. Southwestern Greyhound Lines v. Dickson, 149 Texas 599, 236 S.W. 2d 115; Texas Employers Ins. Assn. v. Haywood, 153 Texas 242, 266 S.W. 2d 856; Calvert, "The Development of the Doctrine of Harmless Error in Texas" 31 Texas Law Review 1.

The overt act of the plaintiff and prevailing party in the trial court in seeking out the juror and attempting to persuade her to "do all you can to help me" belongs in the category mentioned. The inference of unfairness and prejudice attending it is so strong that it could hardly be rebutted except by a showing that plaintiff was entitled to judgment as a matter of law. Cf. Calvert, supra, Note, "Harmless Error Rule Reviewed." 47 Columbia Law Review, 450.

There is no issue of waiver in this cause.[2] Before the cause was submitted to the jury, the trial judge received an incomplete and inaccurate report of the meeting and conversation between Mrs. McCaslin and Miss Morrison. He had been told that the case was not discussed and so informed the attorneys for the litigants. The true facts were different from what the judge supposed them to be. We have no doubt that at this juncture, had the judge or the attorneys for the litigants known that the plaintiff had improperly importuned the juror to aid her in securing a favorable verdict, the jury would have been discharged and a new trial ordered.

We hold as a matter of law that probable prejudice to the petitioner was shown under Rules 327 and 503. Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462. The motion for new trial should have been granted. The judgments of the trial court

---

2.—As to waiver and the necessity for filing a motion for mistrial to preserve a claim of error, See Condra Funeral Home v. Rollin, 158 Texas 478, 1958, 314 S.W. 2d 277.

and the Court of Civil Appeals are reversed and the cause remanded to the District Court for another trial.

Opinion delivered November 12, 1958.

Rehearing overruled December 10, 1958.

