Mrs. Leon McBROOM, d/b/a McBroom Trucking Company et al., Appellants,

v.

Mrs. Fay SOUTHER, next friend for Richard D. Souther, Appellee.

No. 16778.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 16, 1966.

Rehearing Denied Jan. 13, 1967.

Nelson & Sherrod and David A. Smith, Wichita Falls, for appellants.

Peery, Wilson & Jameson and Don B. Morgan, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

Suit was brought by Mrs. Fay Souther as next friend for her minor son, Richard D. Souther, against McBroom Trucking Company, Vallee Graves and Norris E. Crumpton for damages for personal injuries sustained by Richard when his leg was broken when run over by a truck.

The evidence was such that the jury could reasonably have found plaintiff guilty of contributory negligence. The jury, however, acquitted him of any acts of negligence. The evidence was such that the jury could have reasonably found a substantially smaller sum than the $6,500.00 allowed by the jury for loss of earning capacity.

The jury found $2,500.00 for future medical expenses although plaintiff's own doctor had placed future medical expenses at less than $400.00. There was no other evidence on future medical expenses.

One of the jurors, Mrs. Ellison, testifed at the hearing on the defendants' motion for new trial. Her testimony, material herein, was that she was the only woman on the jury. While the case was on trial Mrs. Souther said to her twice outside the jury room that she needed money for the child, that she needed money for the child's leg. Witness knew Mrs. Souther was talking about Richard.

In the order overruling the motion for new trial the court found that "one of the Plaintiffs (Mrs. Souther) herein had talked to the juror, Mrs. Maybelle Ellison during the course of the trial, *as testified to by Mrs. Ellison * * *."* (Emphasis added.) The court held, however, that defendants failed to establish that they were harmed by the said communication.

Plaintiffs contend the defendants learned of Mrs. Souther's conversation with Mrs. Ellison during the trial and waived any objection defendants might have had by failing at that time to obtain testimony on the misconduct of Mrs. Souther, and by failure to move for a mistrial.

That a conversation was held between Mrs. Souther and the juror was made known to defendants' attorney. He mentioned the matter to plaintiffs' attorney and the trial judge. The fact of the conversation, but not the subject matter of the conversation, was reported to the judge. On the hearing of the motion for new trial the judge stated: "I asked her (Mrs. Souther) at that time whether or not there had been

any such conversation, and she denied it, or at least gave me to understand that it was nothing more than a passing comment in the hall * * *."

Remarkedly similar to the instant case was the misconduct in Texas Employers' Insurance Association v. McCaslin, 159 Tex. 273, 317 S.W.2d 916 (1958). In that case the Supreme Court, in discussing the applicable rules (Rules 1, 327, 434 and 563) held: "There is no requirement that the party asserting error must show injury beyond a reasonable probability in order to secure a reversal of a judgment. And in estimating the probability of injury, the act of overt misconduct in itself may be the most compelling factor in establishing prejudice. It is so in this case." The court held further: "When a juror has been subjected to an improper influence, such as that disclosed by the present record, it is difficult and often impossible for that juror to maintain an impartial attitude as between the litigating parties. And this is true whether the juror is prejudiced in favor of or against the party guilty of the improper act. In any event the trial cannot thereafter proceed to a fair and impartial jury as contemplated by Article 1, § 15 of our Constitution."

The Supreme Court, citing Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856, stated that Rule 327 does not preclude the drawing of logical inferences of prejudice and unfairness from the overt act itself for an action or occurrence may be so highly prejudicial and inimical to fairness of trial that the burden of going forward with proof of harm is met, prima facie at least, by simply showing the improper act and nothing more.

It was further held that, in the fact situation before the Court, "The inference of unfairness and prejudice attending it is so strong that it could hardly be rebutted except by a showing that plaintiff was entitled to judgment as a matter of law."

Certainly it cannot be said in the instant case plaintiff was entitled to judgment as a matter of law.

In discussing waiver in the McCaslin case the Court said: "There is no issue of waiver in this cause. Before the cause was submitted to the jury, the trial judge received an incomplete and inaccurate report of the meeting and conversation between Mrs. McCaslin and Miss Morrison. He had been told that the case was not discussed and so informed the attorneys for the litigants. The true facts were different from what the judge supposed them to be. We have no doubt that at this juncture, had the judge or the attorneys for the litigants known that the plaintiff had improperly importuned the juror to aid her in securing a favorable verdict, the jury would have been discharged and a new trial ordered."

So in the instant case the trial continued with attorneys and judge believing that only passing remarks, not connected with the case, had been made by Mrs. Souther. In all probability if the attorneys and the judge had known that a juror had been improperly importuned the jury would have been discharged and a new trial ordered. Of course prompt action should be taken when such an irregularity is observed, but the proper action consisted in drawing the attention of the court thereto with inquiry made such as was done in this case when Mrs. Souther failed to disclose complete information about what she had said to the juror. In view thereof the defendants should not be held to have waived the error when it was not until afterward that the fact of false answer or concealed information was disclosed. See Personal Injury Litigation in Texas, Chapter 15, "Jury Misconduct," § 15.12, "Waiver of Misconduct," and § 15.3, "Prompt Action Upon Discovery of Misconduct."

We hold that probable prejudice to defendants was shown under Rules 327 and

434, and defendants' motion for new trial should have been granted.

Defendants also contend the finding of $6,500.00 for loss of earning power was excessive. While the amount found by the jury was quite liberal, under the record, we are unwilling to say it was excessive. In view of another trial, we overrule the point on excessiveness, and forego discussion of the evidence bearing on plaintiff's loss of earning power.

Reversed and remanded.