**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Arthur BROOKS, Appellee.**

**No. 6887.**

Court of Civil Appeals of Texas.

Beaumont.

April 6, 1967.

Rehearing Denied May 5, 1967.

Fuller, Fuller & McPherson, Port Arthur, for appellant.

Carl Waldman, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Law. Trial was by jury and judgment was rendered for plaintiff to recover 19 weeks total disability and for permanent partial disability. The sole question before this court is whether the trial court erred in not granting defendant's motion for mistrial. The parties will be referred to here as they were in the trial court.

Testimony was heard upon such motion for mistrial and the record shows the following: One of the jurors came up to plaintiff and his wife the first day of the trial and asked them if she could ride to Port Arthur with them at the end of the day if she missed her bus. She was told that she could and the juror did ride with them from the courthouse in Beaumont to her home in Port Arthur. The second day of the trial

once again this same juror asked for a ride, and was again given a ride by plaintiff's brother-in-law with plaintiff and his wife also being in the automobile.

Plaintiff contends that inasmuch as the record shows that the case was never mentioned, and defendant has not demonstrated that it suffered probable harm, that the trial court properly overruled the motion for mistrial citing Rules 327 and 434, Texas Rules of Civil Procedure. Plaintiff also cites many cases involving jury misconduct holding that "probable harm" must be shown, however, none of these cases involve the precise point raised in this case.

█ We do not consider this to be the typical jury-misconduct case in which an improper communication is made to the jury or in which the jury received other testimony, or an incorrect answer was given on voir dire examination. The direct point involved here is whether a party to a suit may confer some special favor upon a juror, even though the favor is solicited by the juror. We have concluded that the sanctity of trial by jury must be protected and that the act complained of here cannot be condoned nor permitted. It is human nature that a special favor results in a special obligation and jurors must be free of any obligation to either party.

This decision is in line with all of the cases cited to this court, which are as follows: Beazley v. Denson, 40 Tex. 416, a case in which a juror was treated to cheese, crackers and a drink by the prevailing party. Albers v. San Antonio & A. P. Ry. Co., 36 Tex.Civ.App. 186, 81 S.W. 828, a case in which a juror spent the night in the home of a witness for one of the parties accompanied by that party's attorney. Texas Milk Products Co. v. Birtcher, 138 Tex. 178, 157 S.W.2d 633, a case in which plaintiff bought a juror a coca-cola. Cloudt v. Hutcherson, Tex.Civ.App., 175 S.W.2d 643, a case in which 2 or 3 jurors played golf with an attorney representing one of the parties. Campbell v. Struve, Tex.Civ.App., 30 S.W.2d 344, a case in which a juror re-

quested and secured a ride in an automobile with the prevailing party a distance of about 5 blocks.

█ Plaintiff insists that defendant has shown nothing more than that the juror was given transportation and that defendant has not shown any probable harm. We hold that defendant has gone as far as the law requires it to go in this type of case. "Our constitution provides that 'The right of trial by jury shall remain inviolate.' Article 1, § 15, Constitution. * * * This means a trial by a jury unaffected by bribes, promises of reward and improper requests to 'do all you can to help me.'" Texas Employers' Ins. Ass'n v. McCaslin, 159 Tex. 273, 317 S.W.2d 916.

We hold as a matter of law that probable prejudice to defendant was shown under Rules 327 and 434, T.R.C.P.

Reversed and remanded.