TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Curtis L. MOORE, Appellee.

No. 6509.

Court of Civil Appeals of Texas, El Paso.

March 16, 1977.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Stephen L. Brannan, Odessa, for appellant.

Phillip Godwin, W. Ruff Ahders, Richard J. Clarkson, Odessa, for appellee.

## OPINION

WARD, Justice.

This is a workmen's compensation case which was tried to a jury on special issues on the basis of which judgment was entered for the claimant that he have and recover 14 weeks of compensation for total temporary disability and 300 weeks of partial permanent disability. The carrier appeals complaining of jury misconduct, an objectionable issue, and legal and factual insufficiency of the evidence. We affirm.

The Appellant-carrier first asserts that the trial Court erred in overruling its motion for mistrial, which stated that some of the jurors had violated Rule 226a, Tex.R. Civ.P., by accepting coffee furnished by one of the Appellee's attorneys. After the jury had been selected and sworn, and before any evidence had been introduced, a recess was called. At the time this case was tried, it was the custom for the two District Judges and the Judge of the County Court at Law of Ector County to purchase the coffee for use of the jurors in the jury room. Near the two coffee pots was a sign stating "Coffee furnished courtesy of

Judges C. V. Milburn, R. L. McKim and Phillip Godwin." The sign had been placed in the jury room with the knowledge of the three Judges. Phillip Godwin was one of the attorneys for the Plaintiff Moore, and he participated in the trial, and undoubtedly he paid for a portion of the coffee. During this first recess and while some of the members of the jury were in the jury room, the bailiff removed the sign and the attorney for the carrier at that point moved for a mistrial. Testimony of the bailiff and of Mr. Godwin was heard by the Court upon the motion and the motion was overruled. The admonitory instructions, as directed under the provisions of Rule 226a, had been given by the trial Judge to the jury panel, and, as provided therein, the panel had been instructed not to accept from any of the lawyers "any favors, however slight, such as rides, food, or refreshments." The Appellant argues that those jurors desiring coffee were compelled to violate this admonition and the violation was directly caused by attorney Phillip Godwin; and that while the general rule concerning jury misconduct is to the effect that the complainant must show that misconduct probably resulted in prejudice and injury, here, probable prejudice to the complaining party was shown simply by the conduct itself. Appellant cites those cases where the act was so highly prejudicial to fairness of trial that the burden of going forward with proof of harm was met prima facie by simply showing the improper act and nothing more. *Texas Employers' Insurance Association v. McCaslin*, 159 Tex. 273, 317 S.W.2d 916 (1958), and *Texas Employers' Insurance Association v. Brooks*, 414 S.W.2d 945 (Tex. Civ.App.—Beaumont 1967, no writ).

■ The parties agreed that generally a violation of the admonition given under Rule 226a is to be determined by the requirements of Rule 327, Tex.R.Civ.P. *Cook v. Chapa*, 492 S.W.2d 339 (Tex.Civ.App.— Amarillo 1973, writ dism'd). That Rule is written in the context of the granting of a new trial based on jury misconduct, and the one complaining of jury misconduct under the Rule has the burden to prove the overt act of misconduct, that it was material con-

duct, and, and, from the record as a whole, injury probably resulted. *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex.1969). The primary question to be determined is whether misconduct did in fact occur, and that is a fact question and must be determined before the question of law is reached. If the evidence offered at the hearing on the motion for new trial is conflicting as to whether misconduct occurred, the decision of the trial Court on the question is binding on appeal. *Roming v. McDonald*, 514 S.W.2d 129 (Tex.Civ.App.—El Paso 1974, writ ref'd n. r. e.). The bailiff testified that he removed the sign from the room and stated that if anyone had been looking, they could have seen it. There was no testimony that any juror in this case saw the sign. Assuming, however, that a juror saw the movement and the sign, there is no testimony that any juror in this case drank the coffee. The reasonable assumption, then, is that if any juror saw the sign, he immediately followed the admonition of the Judge as contained in Rule 226a. The record, then, is that the jurors followed the admonition of the Judge and the Appellant failed in its burden of showing that any juror accepted any coffee. The first point is overruled.

■ The carrier's next point asserts error of the Court in commenting on the evidence by the manner in which Special Issue No. 5 was submitted. Our consideration of the point is challenged by the Appellee, who argues that the Appellant has waived any right to complain because of the defective assignment of error in the motion for new trial. The assignment in the motion for new trial is as follows:

> "The Court erred in overruling Defendant's objections and exceptions to the Court's Charge, and in failing to instruct the Jury in the manner therein suggested."

The Appellant's objections to the Court's Charge take up four legal sized pages in the transcript, complain of four special issues, and at least three separate objections are made to Special Issue No. 5. Appellee's

challenge is sustained as the assignment does not comply with the provisions of Rules 320, 321, 322, and 374, Tex.R.Civ.P. An assignment of error in a motion for new trial which merely directs the trial Court by reference to scan all of a party's objections to the charge of the Court is legally insufficient and a point of error based thereon cannot be considered. *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960), and *Grubb v. Grubb,* 525 S.W.2d 38 (Tex.Civ. App.—El Paso 1975, writ ref'd n. r. e.).

■ Points of Error III, IV, and V attack the legal and factual sufficiency of the evidence regarding the jury finding that the Appellee sustained a permanent partial disability from his injury. Again, the Appellee attacks our consideration of the points because of the defective assignments in the motion for new trial. The motion for new trial pertinent to this part of the appeal follows:

"The verdict of the Jury and judgment of the Court is contrary to the law and the evidence in this case."

"The verdict of the Jury and judgment of the Court is based on answers to certain Issues answered by the Jury when there was no evidence upon which to answer such questions or the answers were against the greater weight of the credible testimony."

"There was no evidence from competent sources indicating the length or duration of the disability of the Plaintiff."

"There was no testimony nor evidence before the Jury indicating that the Plaintiff suffered any permanent disability within the meaning of the Workmen's Compensation Laws of the State of Texas."

The assignments reflected by the first two paragraphs above are directly contrary to the direction contained in Rule 322 and cannot be considered. *Smith v. Brock,* 514 S.W.2d 140 (Tex.Civ.App.—Texarkana 1974, no writ). Because of the limited number of issues involved and the relative simplicity of the case, we will consider the last two paragraphs as being sufficient assignments. We note that the terminology "no evidence from competent sources" and "no testimony nor evidence" does not identify the type of complaint made. See the cases cited in the O'Connor article, Appealing Jury Findings, 12 Hous.L.Rev. 65 at 70 and 71 (1974). We further note that the Appellant moved for an instructed verdict, but has not assigned as error in the motion for new trial the overruling of that motion and has lost any right to ask for rendition. *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538, 540–541 (Tex. 1968).

■ Regardless, we will consider the points, as the testimony is rather simple being all from the claimant, his own witnesses, and his doctors. Claimant Curtis Moore was working for Foote Well Service as an operator on September 1, 1972, and he hurt his back while setting some pipe down. Some two weeks later, he reported to a doctor, who hospitalized him and put him in traction where he remained for some seven days. Thereafter, he experienced continuous pain and an inability to perform his work. He received medical treatment at various times, and finally quit his job in June, 1973. He hauled hay until December, 1973, when he again quit his job and he was not able to work because of his back until April, 1974. At that time, he got a job with Delta Drilling Company, and he still experienced pain and difficulty but worked until November, 1974, when he quit because the long trip he had to make each day was hurting his back. He then worked for Permian Products Company until May, 1975, when it went out of business. He secured employment with Holloman Construction Company as an operator and was still working for those people at the time of his trial. He stated he was not able to do the work as he had prior to his injury, and that he was only half the man that he had been. At the time of trial, he experienced actual pain and difficulty on his job, but continued to work because he had to make a living. He had seen several doctors in the year and one-half before the trial. Crewmen on the various jobs testified in his favor that he had been a good hand before the accident and that he had a bad back now, and that they helped him with the heavy lifting and

carried him in his work. A medical examination in January, 1974, showed a slight defect at the L–5 level of his back. In summation, the Appellee had been having serious problems with his back for several years, which began at the time of his injury. Having considered only the evidence and the inferences tending to support the jury's findings, and disregarding all evidence and inferences to the contrary, the no evidence point is overruled. Having considered all of the evidence, the insufficient evidence points are overruled.

The judgment of the trial Court is affirmed.