OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


July 6, 1999

The Honorable Rob Hofmann
Mason County Attorney
County Courthouse
P.O. Box 157
Mason, Texas 76856

Opinion No. JC-0073

Re: Whether a commissioners court may accept a donation conditioned upon spending the money to improve a particular county road (RQ 1171)

Dear Mr. Hofmann:

You ask whether the Commissioners Court of Mason County may accept, under section 252.214 of the Transportation Code, a donation of $50,000 with the condition that the money be used to improve and pave a road in the county specified by the donor. We conclude that the commissioners court may accept a donation for road building subject to reasonable conditions. It is a matter for the exercise of good faith discretion by the commissioners court to determine whether the condition attached to a particular donation is reasonable.

You state that a person owning property in Mason County contacted the county road superintendent offering to donate $50,000 to the county under the condition that the money be used to improve and pave a specific road within the Mason County Road System. Brief from the Honorable Rob Hofmann, Mason County Attorney, to Honorable Dan Morales, Attorney General (July 27, 1998) (on file with Opinion Committee) [hereinafter "Hofmann Brief"]. Neither the commissioners court nor the road superintendent has the paving of this specified road as a priority or even an option in the current road plan. You also state that $50,000 would not pave the entire unpaved portion of the road, nor would it fund the maintenance of the road in the future, but the potential donor has stated that future donations for additional paving and/or maintenance may be forthcoming. *Id.*

Section 252.214 of the Transportation Code applies to counties that have adopted the county road superintendent system set out in Transportation Code, chapter 252, subchapter C. *See* TEX. TRANSP. CODE ANN. § 252.203 (Vernon 1999) (commissioners court may adopt this subchapter by appointing a road superintendent for the county or one superintendent in each precinct). We assume that Mason County has adopted this road system so that section 252.214 applies to it. *See also id.* §§ 252.103, .109 (commissioners court or road commissioners of county under road commissioner system may accept donations of money, labor, or other property to aid in building or maintaining roads). Section 252.214 states that "[a] commissioners court may accept donations of labor, money, or other property to aid in building or maintaining roads in the county." *Id.* § 252.214. You believe that this section does not authorize the county to accept money for a specific road, but only for

"roads in the county" in general. You also state that the statute specifies that money may be accepted to "aid in building . . . roads," not to be the sole source of money for a particular county road. Finally, you point out that it is possible to use a donation of money, unlike a donation of land, anywhere in the county. Hofmann Brief, *supra*, at 3.

Section 252.214 of the Transportation Code does not expressly state that conditions may be attached to donations of money, but this provision may be, and we think should be, construed more broadly than you suggest. While the commissioner's court has only that authority specifically conferred by the constitution and statutes, where a right is conferred upon it, the court has implied authority to exercise broad discretion to accomplish the purposes intended. *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). Thus, section 252.214 is to be construed as giving the commissioners court broad discretion to carry out the purpose of road building and road maintenance, including discretion to accept donations of money subject to reasonable conditions, when this would help implement the county's road-building and maintenance duties.

The interpretation of section 252.214 is consistent with judicial decisions about the commissioners court's acceptance of donations of money to be used for improvements in a particular location. In *Behan v. Ghio*, 12 S.W. 996 (Tex. 1889), the court referred favorably to the county's acceptance of donations conditioned on the voters' decision to locate the county seat in a particular place. *Behan*, 12 S.W. at 997. Contributions to individual voters to secure their votes for a specific site were found to be bribes in *Roby v. Carter*, 25 S.W. 725 (Tex. Civ. App. 1894, no writ), but the court determined that "the donation of aid in the way of land or money to a state, county, or public body, for the purpose of inducing the location of public buildings or of a county seat at a particular place, is not considered a bribe to the individual voters." *Roby*, 25 S.W. at 727.

The decision in *Board of Permanent Road Commissioners v. Johnson*, 231 S.W. 859 (Tex. Civ. App.–Dallas 1921, no writ) addresses the location of a county road and thus is especially relevant to the question before us. When a county board of road commissioners decided to locate a road over a route that qualified for state and federal funding, rejecting its initial choice of the Jacobia route that would serve more people, the court found no abuse of discretion. *Johnson*, 231 S.W. at 860. There was no evidence of bad faith on the board's part in rejecting the Jacobia route. *Id*. Both routes had certain merits, and the evidence showed that the board carefully and patiently considered the entire situation, weighing the advantages of the Jacobia route against the loss to the county road system that the loss of federal and state aid would entail. *Id*. "Not even the semblance of corruption or disregard of duty is discoverable in the record." *Id*. In this matter, the exercise of discretion meant "a consideration and weighing of whatever entered as a factor to contribute to or detract from the general welfare of the county from the standpoint of a permanent road system for the entire county." *Id*. On the facts of this case, "a proper exercise of discretion permitted, if it did not require, consideration of the $106,000 of proffered aid." *Id*.

We conclude that a commissioners court, in a good faith exercise of discretion, has authority under section 252.214 to accept a donation of money subject to the condition that it be used to improve a particular road in the county road system. The availability of donated money for

improving a road is one factor, but certainly not the only factor, for the court to consider in deciding whether or not to improve a particular county road. TEX. TRANSP. CODE ANN. § 251.003 (Vernon 1999). The county roads are public roads, built and maintained for the use of the public. *See Robbins v. Limestone County*, 268 S.W. 915, 919 (Tex. 1925). The county is to exercise its power to provide for the improvement of the public roads for the general good of the public, and not in the interest of any particular individual or entity. *Grayson County v. Harrell*, 202 S.W. 160, 163 (Tex. Civ. App.–Amarillo 1918, writ ref'd) (dicta).

A commissioners court may not accept a condition that is inconsistent with other law, such as provisions of the road law applicable to the county. Nor may the commissioners court delegate its decision-making authority to others. *Id.*; *see also Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 391 (Tex. 1977). In deciding whether or not to improve a particular county road, the commissioners court should evaluate all factors in terms of their contribution to the county road system as a whole. *See generally* Tex. Att'y Gen. LO-98-087, at 6. A court will reverse a commissioners court's decision to improve a particular county road only if the court "has acted arbitrarily, capriciously, collusively, fraudulently, or otherwise in abuse of its discretion." *Hooten v. Enriquez*, 863 S.W.2d 522, 528 (Tex. App.–El Paso 1993, no writ).

You have mentioned various factors indicating that the county's acceptance of the donation to pave the county road in question would not benefit the Mason County road system. It is for the commissioners to evaluate these and all other relevant matters and to decide, in the exercise of good faith discretion, whether to pave the road and to accept the donation to be used for that purpose. If it makes this determination, the court may agree to accept the donation with the specified condition, the agreement subject to being overturned only for an abuse of discretion. Of course, the commissioners court may not agree to any condition contrary to relevant statutes or constitutional provisions.

## S U M M A R Y

A commissioners court has authority under section 252.214 of the Transportation Code to accept a donation for improving a specific county road subject to reasonable conditions. It is a matter for the exercise of good faith discretion by the commissioners court, subject to judicial review for abuse of discretion, to determine whether the condition attached to a particular donation is reasonable.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General