Opinion issued May 8, 2003











  




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00353-CV
____________
 
LAURA MERCADO AND PENNY LITZMAN,
INDIVIDUALLY AND ON BEHALF OF
 NORMA CULBERSON, DECEASED, Appellants
 
V.
 
WARNER-LAMBERT COMPANY, Appellee
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2000-42692
 

 
 
O P I N I O N
          In one point of error, the appellants, Laura Mercado and Penny Litzman,
individually and on behalf of Norma Culberson, deceased, argue that the trial court
erred in not granting their motion for new trial, which was based on jury misconduct. 
We affirm.
Background
          Laura Mercado and Penny Litzman (collectively, “Mercado”) brought wrongful
death and survival actions against Warner-Lambert Company, appellee, for damages
arising from the death of Mercado’s mother, Norma Culberson. After a three-week
trial, the jury returned a 10-2 verdict, finding Warner-Lambert was not negligent in
causing Culberson’s death. The jury also found that the diabetes drug, Rezulin,
manufactured by Warner-Lambert, was neither defective in its design nor in the way
it was marketed. The trial court rendered judgment on the verdict, and Mercado filed
a motion for new trial alleging, among other things, juror misconduct.
          The trial court held an evidentiary hearing on Mercado’s motion for new trial. 
In support of her motion addressing jury misconduct, Mercado submitted three
affidavits—one affidavit from Rand Nolen, Mercado’s attorney; one from a private
investigator, James W. Dunbar; and one from juror Ralph Martinez.
          Mercado’s trial counsel,  Rand Nolen, and Mercado’s private investigator,
James W. Dunbar, both submitted affidavits concerning alleged contact between
jurors and shadow jurors.


 On appeal, Mercado, however, concedes that the majority
of these contacts “did not amount to jury misconduct.” She only complains of the
contact with juror Ralph Martinez.
          Dunbar’s affidavit referenced an interview he conducted over the telephone
with Martinez. Martinez told Dunbar that, during a smoke break, a man approached
him and asked for a cigarette. The same man asked Martinez for a quarter. Dunbar
decided the man was a shadow juror. Martinez’s affidavit corroborated this
statement. In the affidavit, Martinez testified that there was a man who attended trial
almost every day and would stand with the other jurors during smoke breaks.
Martinez recalled that on one occasion, this man asked for a cigarette and then a
quarter for a soft drink. Martinez obliged.
          Martinez testified during the evidentiary hearing that, at the time he was
approached by the man, Martinez did not know the man had been hired by one of the
law firms. In fact, Martinez testified he thought the man was part of Mercado’s
family because he often sat behind Mercado at trial. He further testified that he and
the man never discussed the case.
          Also at the evidentiary hearing, Jack Urquhart, lead counsel for Warner-Lambert, admitted Warner-Lambert had hired a third party to hire shadow jurors, and
that, based on Martinez’s description, the young man “probably was one of the
shadow jurors.” Urquhart testified, however, that he did not know the names of the
shadow jurors and that the shadow jurors did not even know which party had hired
them.
          During the lengthy and apparently impassioned argument by counsel at the
conclusion of the hearing, the trial court stated, “Regardless of how I rule today, ...
I want the ruling to leave the courtroom today with the impression that you do not
ever mess around with a jury.” The trial court ultimately denied the motion for new
trial.
                                                   Jury Misconduct
          In her sole point of error, Mercado argues that the trial court abused its
discretion by failing to grant a new trial based upon jury misconduct because the
undisputed evidence establishes an exchange of favors between a juror and a shadow
juror working for Warner-Lambert and additional prohibited contacts between the
jurors and shadow jurors.



Standard of Review
          We will reverse the trial court’s ruling on a motion for new trial based on jury
misconduct only upon a showing of abuse of discretion. Pharo v. Chambers County,
893 S.W.2d 264, 266 (Tex. App.—Houston [1st Dist.] 1995), aff’d, 922 S.W.2d 945,
947 (Tex. 1996). An abuse of discretion will be found when the trial court’s ruling
is arbitrary, unreasonable, or without reference to guiding principles. Goode v.
Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Because the trial court did not render
findings of fact or conclusions of law, we must assume that all findings support the
judgment. Id. It is apparent from a review of the record that the parties do not
dispute that the contacts between the shadow juror and Juror Martinez occurred. 
Waiver
          Mercado contends that the alleged juror misconduct entitled her to a new trial. 
Warner-Lambert urges the Court to find that Mercado waived her complaint of juror
misconduct because Mercado’s attorneys observed the conversation between the
shadow juror and the juror, but failed to move for mistrial. See Alamo Carriage
Serv., Inc. v. San Antonio, 768 S.W.2d 937, 943 (Tex. App.—San Antonio 1989, no
writ). Warner-Lambert’s waiver argument does not address Mercado’s point of error
which focuses only on the shadow juror’s solicitation of a cigarette and money from
Juror Martinez.


 Neither of these exchanges was observed by Mercado’s counsel;
therefore, she has not waived her right to complain of this alleged jury misconduct. 
Special Favors Rule
          Traditionally, juror misconduct will warrant a new trial if the moving party
establishes the misconduct (1) occurred, (2) was material, and (3) probably caused
injury. See Tex. R. Civ. P. 327(a); Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d
362, 372 (Tex. 2000). In this case, however, Mercado suggests that, because the
shadow juror’s request for a cigarette and a quarter constitutes improper exchanges
of favors, Mercado is not required to prove probable injury. Rather, Mercado
encourages the Court to presume injury. Texas courts recognize that inferences of
prejudice and unfairness from an overt act directed at the jury may be so highly
prejudicial that the burden of establishing harm is met with nothing more. Tex.
Employ. Ins. Assoc. v. McCaslin, 317 S.W.2d 916, 921 (Tex. 1958). 
          In McCaslin, the plaintiff sought out a juror and engaged the juror in a
conversation, which concluded with the plaintiff’s request to “be sure and do all you
can to help me.” Id. at 918. The court recognized that such requests make it
“difficult and often impossible for [a] juror to maintain an impartial attitude as
between the litigating parties.” Id. at 920. The court concluded that plaintiff’s overt
act was probable prejudice as a matter of law. Id. at 921. 
          In every case cited by Mercado, the juror was aware of the solicitor’s
relationship to the party. See e.g., McCaslin, 317 S.W.2d at 918 (plaintiff asked juror
“to do all you can to help me”); Texas Milk Prods. Co. v. Birtcher, 157 S.W.2d 633,
636 (Tex. 1941) (plaintiff bought a juror a soft drink); Albers v. San Antonio & A.P.
Ry., 81 S.W. 828, 829 (Tex. 1904) (juror and attorney spent the night at a witness’s
house); Gulf, C. & S.F. Ry. Co. v. Matthews, 66 S.W. 588, 592 (Tex. 1902) (plaintiff’s
nephew bought juror dinner, but juror bought cigars; such conduct was reasonably
calculated to affect the verdict); Marshall v. Watson, 40 S.W. 352, 352 (Tex. 1897)
(plaintiff took two jurors to dinner during trial); TEIA v. Moore, 549 S.W.2d 37, 39
(Tex. Civ. App.—El Paso 1977, no writ) (no reversible error because jurors did not
drink coffee supplied by attorney); TEIA v. Brooks, 414 S.W.2d 945, 946 (Tex. Civ.
App.—Beaumont 1967, no writ) (party drove juror home); Occidental Life Ins. Co.
v. Duncan, 404 S.W.2d 52, 53 (Tex. Civ. App.—San Antonio 1966, writ ref’d n.r.e.)
(party asked juror for aspirin); Cloudt v. Hutcherson, 175 S.W.2d 643, 650 (Tex. Civ.
App.—El Paso 1943, writ ref’d w.o.m.) (several jurors played golf with one of the
attorneys), overruled on other grounds by Stevens v. Travelers Ins., Co., 563 S.W.2d
223 (Tex. 1978); Campbell v. Struve, 30 S.W.2d 344, 347 (Tex. Civ. App.—San
Antonio 1930, writ ref’d) (attorney drove juror home). 
          The presumption of harm established in McCaslin is rebuttable. Here, the trial
court conducted an evidentiary hearing during which the trial court was able to
evaluate the severity of the alleged jury misconduct and to determine what, if any,
harm resulted therefrom. During the hearing, juror Martinez testified that the
misconduct was limited to the shadow juror’s request for a cigarette and a quarter. 
Martinez testified that he did not know the shadow juror was associated with either
party, but thought he might be associated with Mercado because he was sitting on her
side of the courtroom. Also, Martinez testified that no one had attempted to discuss
the case with him outside the jury’s deliberations. These facts do not rise to the high
standard set forth in McCaslin; we will not presume injury.
          Clearly, the intent of the special favors rule is to presume harm when favors
have been exchanged. For example, even if they did not discuss the case during
dinner, it would be presumed harmful for a party to take a juror to dinner. Over 100
years ago, the Texas Supreme Court stated that “jurors and parties should keep strictly
aloof from each other pending the trial, and, if they do not, but meet under
circumstances from which injury to the other party may be reasonably apprehended,
a verdict for the party engaging in the intercourse with the juror cannot be sustained.” 
Matthews, 66 S.W. at 592. This is obviously an effort to avoid situations where the
juror testifies he was not influenced, but it is impossible to prove if he was
subconsciously influenced. 
          These are simply not the facts in this case. The contact by the shadow juror did
not rise to the level of impropriety found in the cases cited by Mercado. Furthermore,
neither the shadow juror nor the juror knew with whom the shadow juror was
affiliated. As such, there could be no conscious or subconscious influence. The trial
court did not abuse its discretion when it denied Mercado’s motion for new trial. 
          We overrule Mercado’s sole point of error.
          We affirm the judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.